IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LANGFORD EARL HILL, #573648, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-1209-O  (BK) |
| | § | |
| WILLIAM D. COX, | § | |
|     Defendant. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons that follow, it is recommended that this action be dismissed *sua sponte* for lack of subject matter jurisdiction.

I. BACKGROUND

Plaintiff, a Texas state inmate, filed a *pro se* civil rights complaint, under 42 U.S.C. § 1983, against his defense Attorney William D. Cox. (Doc. 2 at 4.) The Court issued a questionnaire to obtain information about the factual basis of the complaint. Subsequently, Plaintiff paid the $350.00 filing fee. The Court, however, did not issue process pending preliminary screening.

The complaint and answers to the questionnaire present claims stemming from Defendant's alleged negligence and legal malpractice during Plaintiff's criminal proceeding. (Doc. 2 at 4, 6-10; Doc. 5, ans 1,2.) Plaintiff requests a refund of his legal fees, and declaratory and monetary relief.

## II. DISCUSSION

Although Plaintiff paid the $350.00 filing fee, the Court must examine the threshold question of whether it has subject-matter jurisdiction. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. The federal question must appear "on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.,* 295 F.3d 485, 490 (5th Cir. 2002) (citation omitted). Of course, the Court must always construe pleadings filed by *pro se* litigants liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Here, although Plaintiff filed his complaint under 42 U.S.C. § 1983 (using the prisoner civil rights complaint form), he has pled no facts that would support subject-matter jurisdiction on the basis of a federal question. To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The pleadings confirm that Plaintiff seeks to sue his defense counsel for negligence and

legal malpractice, not for a constitutional violation. In answer to the questionnaire, Plaintiff states that he is "challenging the issue of trial negligent legal conduct, which [he claims] constitute[d] an act of legal malpractice" on the part of his defense counsel. (Doc. 5, ans 1, 2.) In addition, Plaintiff cannot satisfy the "under color of state law" requirement. It is well established that an attorney does not act under color of state law in representing a defendant in a criminal case. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (public defender does not act under color of state law when performing lawyer's traditional functions in representing defendant in criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (court appointed attorneys are not official state actors). Therefore, Plaintiff's claims against his defense attorney for acts and omissions during his criminal proceeding cannot support a cause of action under section 1983.

Nor can Plaintiff rely on diversity of jurisdiction as a basis for subject matter jurisdiction in this case. The diversity statute requires "complete diversity" of citizenship. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) *(citing Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants)). The complaint, however, confirms that Plaintiff and his defense counsel are both citizens of the State of Texas. (Doc. 2 at 3.)

Finally, since the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiff's state negligence or legal malpractice claims. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** *sua sponte* for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

SIGNED September 9, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Even assuming subject matter jurisdiction, any claim for monetary damages against Plaintiff's defense attorney is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). A ruling in Plaintiff's favor on the various negligence or legal malpractice claims pled against defense counsel would necessarily imply the invalidity of his criminal conviction.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE